**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DANIEL JESÚS PRIETO PER SE AND AS REPRESENTATIVE OF MINOR E.V.P.G., AND YARIANN MARÍA ADORNO SANTINI,** | **CIVIL NO. 19-2112 (DRD)** |
| *Plaintiffs,* | |
| v. | |
| **EDUARDO SORIA RIVERA,** | |
| *Defendant.* | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs, Daniel Jesús Prieto-Flores *per se* and on behalf of the minor E.V.P.G. and Yariann María Adorno-Santini's (hereinafter, collectively "Plaintiffs") *Motion to Remand for Lack of Subject Matter Jurisdiction*. *See* Docket No. 63. The Defendant, Eduardo Soria-Rivera (hereinafter, "Soria-Rivera" or "Defendant") filed an *Opposition* thereto. *See* Docket No. 72. A *Reply* ensued shortly thereafter. *See* Docket No. 79.

For the reasons stated herein, the Court **DENIES** Plaintiffs' *Motion to Remand for Lack of Subject Matter Jurisdiction*. *See* Docket No. 63.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On October 17, 2019, Plaintiffs filed a *Complaint* in state court against the Defendant for an alleged breach of a purchase option agreement and for alleged damages due to an alleged fraud scheme. *See* Docket No. 1, Exhibit A. Once the Defendant was properly summoned, he requested removal to federal court, raising diversity jurisdiction pursuant to 28 U.S.C. § 1332, "as the controversy involves citizens from different states and the amount in controversy exceeds

seventy-five thousand dollars ($75,000.00) per plaintiffs, exclusive of costs and interests." Docket No. 1, ¶ 3. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 was also invoked, over co-plaintiff, minor E.V.P.G. for damages, including an alleged pattern of emotional distress and mental anguish resulting from the same operative facts as those affirmed by Prieto-Flores and Adorno-Santini. *See id.*, ¶ 4.

In turn, the Plaintiffs are seeking a remand to state court as "documents obtained during discovery, as well as other public records, clearly show that Defendant, according to his own representations, is a Puerto Rico citizen," thus, no diversity exists between the parties. Docket No. 63 at 1. In sum, Plaintiffs argue that the documents supplied by the Defendant contradict his position that he is a resident of the state of Texas, as there are several documents wherein the Defendant declared to be a resident of Guaynabo, Puerto Rico. *See id.* Accordingly, a remand to state court is warranted.

Having the benefit of the parties' arguments, the Court is ready to rule upon this jurisdictional matter. However, a careful scrutiny of the underlying legal framework is required in order to rule upon the pending motion.

## II.    APPLICABLE LAW

Federal courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction". *Spielman v. Genzyme Corp.*, 251 F3d 1 (1st Cir., 2001). The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp. 2d 84, 88 (D.P.R., 2002) citing *Conventry Sewage Association v. Dworking Realty Co.*, 71 F.3d 1,3 (1st Cir., 1995). Just as a federal court cannot expand its jurisdictional horizon, parties cannot challenge subject matter jurisdiction on

a federal court "by indolence, oversight, acquiescence, or consent." *U.S. v. Horn, 29 F.3d 754, 768 (1st Cir. 1994)*.  Therefore, a party that seeks the jurisdiction of the federal courts, has the burden of demonstrating its existence. Herein, the issue is whether Plaintiffs were diversely domiciled from the Defendant at the time of filing the complaint. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001).

As courts of limited jurisdiction, federal courts have the duty of construing jurisdiction-granting statutes strictly.  *See, e.g.*, *Alicea-Rivera v. SIMED*, 12 F. Supp. 2d 243,245 (D.P.R. 1998). In the instant case, Plaintiff has invoked the Court's jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants as of the time of the filing of the complaint. *Casas Office Machines v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2L.Ed. 435 (1806).  Since Plaintiffs have challenged the Defendant's jurisdictional allegations, the Defendant bears the burden of proving, by a preponderance of the evidence, the facts of his domicile and how the facts corelate with his jurisdictional claim. *Thomson v. Gaskil*, 315 U.S. 442 (1942); *Bank One v. Montle*, 964 F 2d 48, 50 (1st Cir. 1992*); Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F. Supp. 2d 11, 17 (D.P. R. 2000).[1]

For federal jurisdictional purposes, diversity of citizenship must be established as of the time of the filing of the suit. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001); *Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F.Supp.2d at 16.

---

[1] The Court has discretion as to the manner in which preliminary questions of jurisdiction are to be resolved and enjoys broad authority "to order discovery, consider extrinsic evidence, hold evidentiary hearings and make findings of fact in order to determine its own jurisdiction." *Valentín v. Hospital Bella Vista*, 254 F 3d at 363.

For purposes of diversity jurisdiction, a person's domicile is equivalent to his citizenship. *Williamson v. Osenton*, 232 U.S. 619, 625 (1994); *Valentín v. Hospital Bella Vista*, 254 F.3d at 366. A person is a citizen of the state in which he or she is domiciled. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).   Domicile generally requires two elements: (1) physical presence in a state, and (2) the intent to remain there indefinitely. *Valentín v. Hospital Bella Vista*, 254 F.3d at 366.   A person's domicile is "the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." *Rodríguez-Díaz v. Sierra-Martínez*, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal citations omitted). Thus, the Defendant must have had "to remain there", i.e. the state of domicile, and if absent he must have had the intention of returning.

An individual can only have one domicile at a time. *Valentín v. Hospital Bella Vista*, 254 F.3d at 367.   However, a change of one's legal domicile can occur instantly. *Morris v. Gilmer*, 129 U.S. 315 (1889). All that is required is:

> First, residence in a new domicile; and second, the intention to remain there. There must be an intention to remain at the new residence indefinitely; it is not required that the intention be to stay there permanently.  A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile.
>
> To acquire a domicile of choice in a place, a person must intend to make that place his home for the time at least.  There is no minimum period of residency required. . . It has long been the rule that motive for the change in residence is irrelevant in determining domicile.

*Hawes v. Club Equestre El Comandante*, 598 F2.d 698, 701 (internal citations omitted).

In determining the Defendant's domicile, the Court must focus on that party's intent and must consider the totality of the evidence. The place of residence is *prima facie* evidence of a party's domicile. *See Macone v. Nelson*, 274 F. Supp. 2d 136, 140 (D.P.R. 2003).   However, the

Court must also consider all factors which are relevant to a domicile determination, amongst others the most common are: (1) the place where civil and political rights are exercised; (2) where taxes are paid; (3) where the person has his real and personal property located; (4) drivers and other licenses obtained; (5) where bank accounts are maintained; (6) the location of club and church membership; and (7) places of business and employment. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F 2d at 10. No single factor is wholly determinative. *Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F. Supp. 2d at 18. However, <u>the First Circuit considers registration to vote a "weighty" factor in ascertaining domicile</u>. *Id*. at 18. (Emphasis ours). The court is not bound to the four corners of the pleadings and responses when determining whether there is subject matter jurisdiction and is able to consider affidavits and depositions. *See Wright & Miller, Federal Practice and Procedure: Civil*, 5C Fed. Prac. & Proc. Civ. § 1363 (3d ed.)

### III.    LEGAL ANALYSIS

In the instant case, Plaintiffs are essentially challenging the sufficiency and accuracy of Defendant's evidence that the Court in fact has jurisdiction to entertain the instant suit by way of diversity. According to Plaintiffs, an analysis of the substantive nature of Defendant, Soria-Rivera's contacts in the state of Texas and Puerto Rico indisputably show that his domicile remains in Puerto Rico. The Court, however, after thoroughly reviewing the parties' motions, finds that although a close matter, Plaintiffs' challenge of Soria-Rivera's diversity jurisdiction is unpersuasive. The Court explains.

Plaintiffs begin by noting that the *Complaint* was served personally upon the Defendant on November 5, 2019, in one of his offices located in San Juan, Puerto Rico. *See* Docket No 1-1 at 2. The removal was based on a *Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746*

wherein Soria-Rivera avers that he is a resident of the State of Texas since July 2017 and his current address is 4742 Bell Mountain Dr., Katy, Texas, 77494. Nonetheless, Plaintiffs claim that there is nothing on the record that complies with the requirement of the Defendant's intention to remain in Texas. In sum, "there is overwhelming evidence that shows that Defendant has been a Puerto Rico resident all along, almost all his property interests are located in Puerto Rico and his intention is to remain and/or comeback to this jurisdiction." Docket No. 63, ¶ 4.

In support thereof, Plaintiffs include several documents that allegedly contradict the Defendant's declaration under penalty of perjury, as he appears with a Puerto Rico address, namely: (1) 2018 annual report for B-Values Consulting, Inc., filed in the Puerto Rico Department of State on April 2, 2019 (Docket No. 63-1); (2) 2019 annual report for B-Values Consulting, Inc., filed in the Puerto Rico Department of State on June 15, 2020 (Docket No. 63-2); (3) corporate information for ECOVAL, LLC, from the Puerto Rico Registry of Corporations (Docket No. 63-3); (4) Soria-Rivera's LinkedIn Resume where he appears as Full-Time Managing Member for ECOVAL, San Juan, Puerto Rico, since January 2014 until the present (Docket No. 63-4); (5) the addresses currently in the Bar Association of Puerto Rico and Board of Examiners of Certified Public Accountants of Puerto Rico; (6) payoff statements issued by Oriental – Mortgage Servicing in Puerto Rico (Docket Nos. 63-5 & 6); (7) first page of Deed 30 Partial Cancelation and Modification of Mortgage, dated February 27, 2019 (Docket No. 73-2); (8) first page of Lease Agreement with Purchase Option, dated June 7, 2019 (Docket No. 73-3); (9) two payoff statements issued by Oriental Mortgage Servicing dated February 28, 2019 and April 22, 2019 (Docket Nos. 63-9 & 10); (10) first page of Individual Tax Return for Calendar Years 2018 and 2019, filed with the Puerto Rico Treasury Department on April 15, 2019 (Docket Nos. 63-11 &

14); (11) Form 1116 Foreign Tax Credits for the years 2018 and 2019 (Docket Nos. 63-12 & 15); (12) first page of Form 480.60 EC, for the tax period of February 1st, 2018 to January 31, 2019, in which Defendant was named as a member (Docket No. 73-8); (13) property interest in a property that is located at Country Club, Sabana Llana Ward (Docket No. 73-7); (14) registry corresponding to a real property located at Paseo del Rocio Condominium, Rio Piedras Sur, Property Number 20,527 of the Puerto Rico Property Registry San Juan Section. The Marginal Note states that Soria-Rivera requested the cancellation of a mortgage by way of Deed 17 from August 12, 2019 (Docket No. 73-4); (15) first page of Deed 13 of Purchase and Sale, dated May 31, 2019 (Docket No. 73-5); and (16) several Services Agreements which include a Puerto Rico address (Docket Nos. 73-6, 9, 10 & 11).

In turn, the Defendant argues that he is able to evidence that he is physically present in the State of Texas and that he moved to Katy, Texas prior to the filing of the *Complaint* "with the intent to remain there indefinitely." *See Valentín v. Hospital Bella Vista*, 254 F.3d at 366; *see* Docket No. 72, ¶ 15. As previously stated, a determination as to the person's domicile requires to identify "the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." *Rodríguez-Díaz v. Sierra-Martínez*, 853 F.2d at 1029. (internal citations omitted).

In support thereof, he submitted the following evidence: (1) a residential lease of a property located in Katy, Texas, wherein the tenants are Defendant Eduardo Soria-Rivera and Rosana Pérez-Centeno from April 29, 2017 and April 30, 2018 (Docket No. 72-8); (2) a purchase agreement of a property located in Katy, Texas (Docket No. 72-9); (3) Eduardo Soria-Rivera's driver's license from the state of Texas issued on May 10, 2017 and valid until August 16, 2022

(Docket No. 72-10); (4) Medical Insurance Card issued on January 1, 2019 under the name of Rosana Pérez, but including Soria-Rivera as dependent (Docket No. 72-11); (5) Texas Certificate of Title number 129539628 pertaining to a Honda vehicle under the name of Eduardo Soria from Soria Consulting, LLC dated August 18, 2016 (Docket No. 72-12); (6) Texas Liability Insurance Card issued in favor of Soria Consulting, LLC as to a Honda Accord vehicle dated June 7, 2018 (Docket No. 72-13); (7) Jenks Elementary School test scores pertaining to one of the Defendant's sons, confirming his enrollment in a school in Texas between the dates from August 2, 2017 until January 14, 2019 (Docket No. 72-14); (8) 2018 Form 1040, U.S. Individual Income Tax Return pertaining to Eduardo Soria, with a Katy, Texas address and filed on October 15, 2019 (Docket No. 72-15); (9) 2018 Puerto Rico Individual Income Tax Return as to Soria-Rivera including a Puerto Rico address, namely, Ave. Winston Churchill, MSC 919-138, San Juan, PR 00926 electronically signed on April 15, 2019 (Docket No. 72-16); (10) a 2018 Puerto Rico Individual Income Tax Return as to Soria-Rivera including a Puerto Rico address, namely, Ave. Winston Churchill, MSC 919-138, San Juan, PR 00926 electronically signed on July 13, 2020 (Docket No. 72-17); (11) a letter from Center Point Energy seeking a security deposit on Soria's gas service account in Katy, Texas, a Natural Gas Consumption Report from August 2019 through January 2021, several payment confirmations, and invoices from Reliant Energy Retail Services from May through December 2019   (Docket No. 72-18); and (12) Soria's Texas Voter Registration Certificates from June 22, 2016 until December 31, 2017 and from October 27, 2020 until December 31, 2021 (Docket No. 72-19).

Soria-Rivera also submitted a *Statement Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* in support thereof wherein he declared that he has been a resident of Katy, Texas since

July 2017 and his current address is 4742 Bell Mountain Dr., Katy, Texas, 77494. *See* Docket No. 1-2.

The Court notes that the utility included as to gas service is under Soria-Rivera's name. However, the electric bills were under the name of Soria-Rivera's wife, Rosana Pérez Centeno, but all related to the same residential address, namely, 4742 Bell Mountain Dr., Katy, TX 77494-5296. Furthermore, Soria-Rivera's Texas driver's license was issued on May 10, 2017. The voter's registrations provided by Soria-Rivera include periods before and after the filing of the *Complaint*. *See* Docket Nos. 72-10 and 72-18. It should also be noted that although Soria-Rivera argues that his domicile is in the State of Texas since before the filing of the *Complaint*, he still appears in the Puerto Rico Corporation Registry as the Resident Agent of B-Value Corporation, Registry #: 167430, incorporated on November 1, 2006 as reflected by the 2018 and 2019 Annual Reports (Docket No. 63-1 & 2); and as President of ECOVAL LLC, Registry #: 335239, incorporated on February 17, 2014 (Docket No. 63-3), in both instances with Puerto Rico addresses. To that effect, the Puerto Rico General Corporations Act of 2013 provides that:

> (a) Every corporation shall maintain a registered agent in the Commonwealth, who may be:
> 1. The corporation itself.
> 2. An individual resident in the Commonwealth.
> 3. A juridical person duly organized under the laws of the Commonwealth of Puerto Rico, or juridical person authorized to do business in the Commonwealth, whose place of business must coincide, in each case, with the registered office of the corporation which shall regularly open during working hours to be served process and to conduct the duties germane to a registered agent.
>
> (b) Whenever the terms "registered agent" or "registered agent in charge of the registered office" or other terms with similar meanings which refer to the agent of a corporation required by law to be domiciled in the Commonwealth of Puerto Rico, are used in the certificate of incorporation or in any other corporate document or bylaw, such term shall be deemed to mean and refer to, unless stated to the contrary, the registered agent required by this section. It shall not be

necessary for a corporate to amend its certificate of incorporation or any other document to comply with the requirements of this section.

P.R. Laws Ann. Tit. 14 § 3542. Despite the fact that Soria-Rivera appears with a Puerto Rico address in each of the above referenced corporations, the date in which they were registered was prior to his eventual change of domicile to the State of Texas. However, the First Circuit has warned that "[w]hile the location of a person's business is certainly probative of intent, 'courts tend to emphasize the location of one's domestic and social life over her business contacts.'" *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992).

Considering all factors which are relevant to a domicile determination, amongst others the most common are: (1) the place where civil and political rights are exercised; (2) where taxes are paid; (3) where the person has his real and personal property located; (4) drivers and other licenses obtained; (5) where bank accounts are maintained; (6) the location of club and church membership; and (7) places of business and employment. *Lundquist v. Precision Valley Aviation, Inc*., 946 F 2d at 10, the Court is forced to conclude that diversity jurisdiction has been established by Plaintiff. The Court explains.

As to the first factor, Mr. Soria-Rivera did not have an active voter's registration card at the time of the filing of the *Complaint*. However, the Defendant submitted two (2) voter registration cards from the State of Texas to wit, one from Harris County valid from June 22, 2016, until December 31, 2017, and the other one from Fort Bend County, valid from October 27, 2020, until December 31, 2021. Notably, Soria-Rivera was an active voter for the last two (2) presidential elections, which were held on November 8, 2016, and November 3, 2020. (Docket No. 72-19). Furthermore, Defendant's children have been enrolled in schools located in the State of Texas since at least August 2, 2017, until January 14, 2019 (Docket No. 72-14). As to the second

10

factor, Soria-Rivera submitted federal and Puerto Rico tax returns since at least the year 2018. In fact, Soria-Rivera's Puerto Rico tax returns clearly indicate that he was not a resident of Puerto Rico during the entire tax periods from 2018 until 2019. (Docket No. 72-16, 72-17 at 2). The Defendant produced a State of Texas driver's license issued on May 10, 2017, and valid until August 16, 2022 (Docket No. 72-10). He also submitted one utility under his name and the other as to his wife's name but all within the timeframe relevant to the instant claim and related to the same property, namely, 4742 Bell Mountain Dr., Katy, TX 77494-5296. As to the real and personal property location, Mr. Soria-Rivera first rented a property from 2017 until 2018 and ultimately purchased a property in the State of Texas on April 15, 2019, both of which served as the family's principal residence since at least 2017 (Docket No. 72-9 at 5). The Defendant's medical insurance for the relevant time period was also issued in the State of Texas under BlueCross BlueShield (Docket No. 72-11).

During his deposition, Soria-Rivera disclosed that he has two (2) bank accounts in Puerto Rico, namely, in Banco Santander and Banco Popular, and one account in the Chase Bank of Texas. *See* Docket No. 79-3, pp. 129-131. He further testified that besides from his memberships in the Puerto Rico Bar Association and the Board of Examiners of Certified Public Accountants of Puerto Rico he is an active member of the Houston Hispanic Chamber of Commerce and is a Houston Astros fan, and has even been a season-ticket holder as he regularly goes to baseball games, however, he does not belong to any religious organization in Puerto Rico or Texas (Docket No. 79.3, pp. 131-132). Lastly, Soria-Rivera conducts part of his business in Puerto Rico and the other in the State of Texas. According to the Defendant, his intention when moving to Texas was "[t]o take [his] children to live over there and go to school there, go to university there or near

Texas. And, you know, establish [his] life over there. Change." Docket No. 79-3 at 137. Finally, all his medical treatments are in the State of Texas, and he does not have a Puerto Rico medical insurance card ever since he moved in 2017. *Id.*, p. 133.

In turn, Plaintiffs argue that during Soria-Rivera's deposition, other matters were discovered which contradict the Defendant's position that his domicile is in Texas. For instance, Soria-Rivera testified that he has owned two (2) vehicles in the State of Texas since 2017, but at least four (4) vehicles during the same period in Puerto Rico, including a BMW that he purchased merely three (3) months before the deposition (Docket No. 79-3, pp. 114-118). Soria-Rivera also admitted he has two (2) outstanding gym memberships in Puerto Rico, namely, LIV and HCOA, which he has had for a long time and have not been cancelled because of "laziness on [his] part." *Id.* at 146. Additionally, Soria-Rivera testified that he had recently purchased an apartment in Isla Verde, Puerto Rico, as an investment decision, in which he stays when he comes to Puerto Rico. According to Soria-Rivera, his family was staying with him in the apartment on the date of the deposition as "[t]hey're primarily here, because [he] had this deposition; next week [he] ha[s] a testimony in court; and after that, [he] can travel whenever [he] want[s]." *Id.* at 124. However, he clarified that he spends in Puerto Rico "twenty-five percent, more or less. It's one week each month." *Id.* at 125.

As previously stated, the Court, after thoroughly reviewing the parties' motions, finds that although a close matter, in the totality of circumstances, Soria-Rivera has proved that his domicile is in the State of Texas. Let's not forget that the First Circuit has warned that "[w]hile the location of a person's business is certainly probative of intent, 'courts tend to emphasize the location of one's domestic and social life over h[is] business contacts.'" *Bank One, Texas, N.A. v. Montle*, 964

F.2d 48, 53 (1st Cir. 1992). The fact that Soria-Rivera's business is 80% in Puerto Rico does not erase the fact that he changed his domicile particularly since practically all his domestic and social life is in the State of Texas.

Notably, the First Circuit has consistently held that "[o]nce challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence. The key point of inquiry is whether diversity of citizenship existed at the time the suit was filed; subsequent events may bear on the sincerity of a professed intention to remain but are not part of the primary calculus." *García Perez v. Santaella*, 364 F.3d 348, 350–51 (1st Cir. 2004)(citations omitted). Therefore, considering the totality of the evidence presented, the Court concludes that Mr. Soria-Rivera proved by a preponderance of the evidence that his domicile was in the State of Texas since before filing the *Complaint*. Therefore, the diversity jurisdiction standard has been met by the Defendant by preponderance of the evidence.

### IV.    CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Plaintiffs' *Motion to Remand for Lack of Subject Matter Jurisdiction*. *See* Docket No. 63. Therefore, the instant proceedings are to continue in their usual course.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January, 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge